**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Guadalupe GONZALEZ–ALVARADO,
Defendant–Appellant.**

**No. 09–50145.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed March 5, 2010.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sherri Walker Hobson, Assistant U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Inge E. Brauer, San Diego, CA, for Defendant–Appellant.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Guadalupe Gonzalez–Alvarado appeals from the 108–month sentence imposed following her guilty-plea conviction for possession with intent to distribute methamphetamine and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1). We have jurisdic-

** This disposition is not appropriate for publication and is not precedent except as provid-

tion pursuant to 28 U.S.C. § 1291, and we affirm.

Gonzalez–Alvarado contends that the district court erred in determining that she was ineligible for the minor participant role adjustment pursuant to U.S.S.G. § 3B1.2(b). The district court did not clearly err in concluding that Gonzalez–Alvarado had not met her burden of proof of establishing that she was substantially less culpable than co-participants in the smuggling scheme. *See United States v. Cantrell,* 433 F.3d 1269, 1282–83 (9th Cir. 2006). Contrary to Gonzalez–Alvarado's contention, the district court's findings encompassed the required comparison of Gonzalez–Alvarado with co-participants in the scheme.

Gonzalez–Alvarado further contends that the district court procedurally erred by failing to consider and discuss the factors set forth at 18 U.S.C. § 3553(a) and imposed a substantively unreasonable sentence when it placed greater weight on the serious nature of the offense than on the other § 3553(a) factors. Our review of the record indicates that the district court did not procedurally err. *See Rita v. United States,* 551 U.S. 338, 356–59, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); *United States v. Carty,* 520 F.3d 984, 991–92, 995 (9th Cir.2008) (en banc). Considering the totality of the circumstances, the district court's sentence at the bottom of the Guidelines range was substantively reasonable. *Carty,* 520 F.3d at 993.

**AFFIRMED.**